

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL

AUSTIN, TEXAS 7871 *Affirms* O- 509/

September 24, 1949          Supersedes Opinion
                            V-750
                            See Art. 6889d, V.C.S.

Hon. M. B. Campbell                Opinion No. V-912
County Auditor
Nacogdoches County            Re:  Salary of constable
Nacogdoches, Texas                 for 1949.

Dear Sir:

Your request for an opinion is as follows:

"If the Commissioners' Court of Nacogdoches County
in January 1949 set salaries of constables without tak-
ing into consideration and basing such salaries on earn-
ings of constables in 1935, may the same Court now before
the end of the year 1949, re-set these salaries and re-
duce them?

"May the Commissioners' Court set constables' sala-
ries at fixed amounts, and at the same time in addition
to these salaries allow said constables to collect and
retain fees of office and mileage as part of their com-
pensation."

From January 1, 1949, until the effective date of Senate Bill
92, Acts of the 51st Legislature, (June 6, 1949) the amount of salaries
to be paid the constables in counties where the precinct officers, other
than the constables, were compensated on a "fee basis," was left to
the discretion of the Commissioners' Court. A.G. Opinion No. V-749,
a copy of which is enclosed.

Sections 1 and 3 of Senate Bill 92 of the 51st Legislature
provide:

"Section 1. The Commissioners Court in each county
of this State is hereby authorized, when in their judg-
ment the financial condition of the county and the needs
of the officer justify the increase, to enter an order
increasing the compensation of the precinct, county and
district officers, or either of them, in an additional
amount not to exceed twenty-five (25%) per cent of the
sum allowed under the law for the fiscal year of 1948,
whether paid on fee or salary basis; provided, however,
the members of the Commissioners Court may not raise the
salaries of any of such Commissioners Court under the

terms of the Act without raising the salary of the remaining county officials in like proportion.

"Sec. 3. All of said officers who were paid on a fee basis during the fiscal year of 1948, and who are now to be paid on a salary basis, shall be paid an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year of 1935, and not more than the maximum sum allowed such officer under the laws existing on August 24, 1948, together with the twenty-five (25%) per cent increase allowed by this Act within the discretion of the Commissioners Court."

Section 3, above quoted, places a minimum and maximum on the salary to be paid the constable; the minimum being not less than the total sum earned as compensation by him for the fiscal year 1935. Therefore, from June 6, 1949, (the effective date of S.B. 92) the constables were entitled to annual salaries of not less than the total sum earned by them in 1935.

The Commissioners' Court is authorized by the provisions of Section 1 above quoted, to raise the salaries of the constables in an additional amount not to exceed twenty-five per cent of the maximum sum allowed such officers under the law for the fiscal year 1948.

You have informed us in answer to our request for additional information that the constables of Nacogdoches County from January 1, 1949, until the present date are being paid annual salaries of $1500.00 per annum. You further state that these salaries are in excess of the total sum earned by said officials for the fiscal year 1935. The Commissioners' Court of Nacogdoches County is authorized by the provisions of Section 1, above quoted, to raise the salaries of the constables in an additional amount not to exceed twenty-five per cent of the maximum sum allowed such officers under the law for the fiscal year 1948. There is no provision, however, in Senate Bill 92 which would prohibit the Commissioners' Court to change the salaries of the constables so long as they are paid the minimum fixed in said Act.

In Attorney General Opinion No. 0-5061 the question before the Attorney General at that time was whether the action of the Commissioners' Court in raising the salary of the district clerk within the minimum and maximum limits provided by law after the salary had once been set was valid. It was held in this opinion that:

"We have likewise been unable to find any authorities forbidding the action taken by the commissioners' court. It is true that Section 2 of Article 3912e, V.A.C.S., requires the commissioners' court of every county in Texas at its first regular meeting in January of each year to

determine whether certain precinct officers shall be placed
on a salary or fee basis; this section also provides that
in counties having a population of less than 20,000 inhabi-
tants, according to the last preceding Federal Census that
each commissioners' court shall at its first regular meet-
ing in January of each year determine whether its county
officers should be placed on a salary or fee basis. Sec-
tion 15 of Article 3912d, V.A.C.S., also provides that the
commissioners' court in counties having a population of
less than 20,000 inhabitants, according to the last pre-
ceding Federal Census, at the first regular meeting in
January of each calendar year, may pass an order provid-
ing for compensation of all county and precinct officers
on a salary basis. However, Sections 2 and 15 of Article
3912e, V.A.C.S., do not apply to the county officers of
Brazoria County, said county having a population in ex-
cess of 20,000 inhabitants according to the last preced-
ing Federal Census. Section 13 of Article 3912e, V.A.C.S.,
which governs the salaries of the county officers of Bra-
zoria County, contains no specific requirement that sala-
ries be set at the first regular meeting of the commis-
sioners' court in January of each year."

It is noted that the reason for holding that the salary of
the district clerk could be changed was that there was no law requir-
ing the commissioners' court to set the salaries of officials governed
by Section 13 of Article 3912e, Vernon's Civil Statutes, to be set at
its first regular meeting in January. Furthermore, it was pointed out
that there was no provision in said Article which would prohibit the
commissioners' court from changing the salaries previously set. We
believe the reasoning in Attorney General Opinion No. 0-5061 is sound.
We therefore affirm said opinion.

In the instant case, salaries of constables are no longer
governed by Section 2 of Article 3912e, which required the commission-
ers' court in every county, at its regular meeting in January, to de-
termine whether precinct officers shall be compensated on a salary or
fee basis. Section 61 of Article XVI of the Constitution of Texas as
amended in November, 1948, placed all constables in the State on a
salary basis beginning January 1, 1949.

In view of the foregoing, it is our opinion that the commis-
sioners' court of Nacogdoches County may now set the salaries of con-
stables at any sum not less than the total earned by them as compensa-
tion for the fiscal year 1935 nor more than the maximum sum allowed
such officers under laws existing on August 24, 1948, together with
the twenty-five per cent increase allowed by Senate Bill 92.

Following the reasoning in Attorney General Opinion No. 0-5061,
it is our opinion that the salaries of constables may be raised or lowered

Hon. M. B. Campbell, page 4 (V-912)

at any time during the year so long as the salaries remain within the minimum and maximum amounts allowed by law.

In Attorney General Opinion No. V-71, it was held that the commissioners' court did not have authority to allow a constable who is compensated on a salary basis mileage for the use of his automobile in the discharge of official business. We enclose a copy of this prior opinion. We have been unable to find any statutory provisions subsequent to the date of this foregoing opinion which would authorize the constable of Nacogdoches County mileage for the use of his automobile in the discharge of official duties.

## SUMMARY

Under the provisions of Senate Bill 92, Acts of the 51st Legislature, the constables of Nacogdoches County are entitled to an annual salary of not less than the total sum earned by them as compensation for the fiscal year 1935 and not more than the maximum sum allowed such officers under laws existing August 24, 1948; and the salaries of constables may be reduced or raised so long as the salaries so changed remain within the minimum and maximum allowed by law.  A.G. Opinion No. O-5061.

Constables cannot be allowed to retain fees of office but must pay all fees earned into the County Treasury.  Art. XVI, Sec. 61, Const. of Texas.

The commissioners' court of Nacogdoches County is not authorized to allow the constables mileage for the use of their automobile in the discharge of official duties.  A. G. Opinion No. V-71.

Yours very truly,

JR:bh:mw:egw:lm

ATTORNEY GENERAL OF TEXAS

By  /s/ John Reeves
John Reeves
Assistant

APPROVED

/s/ Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL